UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD TALLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>P. MENDOZA, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:11-cv-00277-GBC (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDER<br><br>RESPONSE DUE BY NOVEMBER 7, 2011 |

    Plaintiff Leonard Talley is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 10, 2011 and consented to Magistrate Judge jurisdiction on February 25, 2011. (ECF Nos. 1 & 6.) Plaintiff's Complaint has not yet been screened by this Court.

    On May 23, 2011, the Court ordered Plaintiff to submit an application to proceed in forma pauperis or pay the filing fee within forty-five days. (ECF No. 9.) Plaintiff filed his prisoner trust fund account statement, but did not file an application to proceed in forma pauperis. (ECF No. 10.) On August 9, 2011, the Court again ordered Plaintiff to submit an application for IFP or pay the filing fee. (ECF No. 11.) Plaintiff was warned that failure to do so would result in dismissal of this ation. (Id.)

    To date, Plaintiff has not submitted an application to proceed in forma pauperis or paid the filing fee.

    Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these

Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

Accordingly, Plaintiff is HEREBY ORDERED to SHOW CAUSE not later that November 7, 2011, why the above-captioned action should not be dismissed for failure to obey a Court Order. Plaintiff is hereby on notice that failure to respond to this Order by November 7, 2011 will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   October 10, 2011

UNITED STATES MAGISTRATE JUDGE